**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SALT CREEK ADVISORY LLC, | ) | |
| Plaintiff, | ) | Case No. ____________ |
| v. | ) | Judge ____________ |
| SALT CREEK PARTNERS LLC, | ) | Magistrate Judge ____________ |
| Defendant. | ) | **JURY TRIAL DEMANDED** |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Salt Creek Advisory LLC ("Salt Creek Advisory" or "Plaintiff"), by its undersigned counsel, for its Complaint for Declaratory Judgment against Defendant Salt Creek Partners LLC ("SCP" or "Defendant"), alleges as follows:

**NATURE OF THE ACTION**

1. This is an action under the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202, for a declaration that Salt Creek Advisory's use of the name and mark SALT CREEK ADVISORY in connection with its mergers-and-acquisitions advisory services does not infringe any trademark rights of SCP and does not constitute unfair competition or false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1 et seq., or Illinois common law.

2. Salt Creek Advisory is a Chicago-area M&A advisory firm founded by two brothers from La Grange Park, Illinois. It takes its name from Salt Creek, the waterway that runs through the brothers' hometown roughly three blocks from their childhood home. The name was chosen as a tribute to that hometown, not with reference to any other business.

3. SCP does not own a federal trademark registration for SALT CREEK PARTNERS or any other SALT CREEK-formative mark. Nevertheless, by letter dated October 2, 2026, SCP, through its counsel Jackson Walker LLP, alleged that Salt Creek Advisory's use of "Salt Creek Advisory" and related "Salt Creek" designations "infringes SCP's proprietary intellectual property rights," demanded that Salt Creek Advisory "[c]ease and desist from all use of 'Salt Creek Advisory,' 'Salt Creek,' and any designation confusingly similar to SCP's marks," and alleged that "we are prepared to enforce SCP's trademark rights in federal court" (the "Demand Letter"). A true and correct copy of the Demand Letter is attached as Exhibit A.

**THE PARTIES**

4. Plaintiff Salt Creek Advisory LLC is a limited liability company organized under the laws of the State of Illinois on October 14, 2025, with its principal place of business in La Grange Park, Illinois, at 1216 Cleveland Avenue, La Grange Park, Illinois 60526. Its members are Connor Pitts and Jack Pitts, each of whom is a citizen of Illinois.

5. Upon information and belief, Defendant Salt Creek Partners LLC is a limited liability company organized under the laws of the State of California, which identifies its headquarters as 26632 Towne Center Drive, Suite 300 #532, Foothill Ranch, California 92610.

**JURISDICTION AND VENUE**

6. This Court has subject-matter jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) and (b), because this action seeks a declaration of rights under the Lanham Act, 15 U.S.C. § 1051 et seq., and the coercive action SCP has threatened would arise under the Lanham Act. The Court has supplemental jurisdiction over the related state-law issues under 28 U.S.C. §§ 1338(b) and 1367(a).

7. An actual justiciable controversy exists between the parties within the meaning of Article III of the United States Constitution and 28 U.S.C. § 2201(a), as alleged more fully below. This Court may declare the rights and legal relations of the parties under 28 U.S.C. §§ 2201 and 2202. The parties' adverse legal interests are of sufficient immediacy and reality to warrant declaratory relief.

8. This Court has personal jurisdiction over SCP under Fed. R. Civ. P. 4(k)(1)(A) and the Illinois long-arm statute, 735 ILCS 5/2-209(c), which extends to the limits of due process. SCP has purposefully directed its business activities at Illinois, and this dispute arises out of and relates to those activities. Among other things:

9. In the Demand Letter, SCP alleges that "SCP's presence in Illinois and the Midwest is substantial and ongoing," that "SCP has served clients across the United States and abroad, including in the Chicago metropolitan area, the State of Illinois, and throughout the Midwest region," that "SCP is currently co-advising, alongside a leading global investment bank, on a pending transaction involving a regional supermarket business in Chicago", and "has maintained a continuous advisory relationship for approximately six years with an Illinois-based environmental company in the Chicago area[.]" SCP alleges those Illinois activities as the basis for the rights it asserts against Salt Creek Advisory. Ex. A at 1.

10. SCP directed the Demand Letter, alleging rights in the "Salt Creek Partners" and "Salt Creek" marks, to Salt Creek Advisory at its La Grange Park, Illinois address, by mail and email, with the intended effect of curtailing Salt Creek Advisory's business in Illinois. Ex. A at 1.

11. The exercise of personal jurisdiction over SCP comports with traditional notions of fair play and substantial justice.

12. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred here, including Salt Creek Advisory's adoption and use of its name, its receipt of the Demand Letter, and the harm SCP's threats have caused. Venue is also proper under 28 U.S.C. § 1391(b)(1) and (c)(2) because SCP is subject to personal jurisdiction in this District with respect to this action.

## FACTUAL ALLEGATIONS

13. Salt Creek Advisory provides M&A advisory services, primarily sell-side representation of founder- and family-owned businesses in the lower middle market—typically companies with approximately $2 million to $75 million in revenue and $500,000 to $5 million in EBITDA. Salt Creek Advisory's clients are the owners of those businesses, who engage Salt Creek Advisory to represent them in selling their companies; Salt Creek Advisory focuses on business services, industrials and manufacturing, HVAC, IT and managed services, outsourced accounting, early childhood education, and other recurring-revenue service businesses.

14. When it represents an owner, Salt Creek Advisory provides financial analysis, valuation, preparation of marketing materials, buyer identification and outreach, negotiation, diligence support, and transaction management through closing. Salt Creek Advisory is compensated primarily through success fees and does not charge ongoing monthly retainers.

15. Salt Creek Advisory was organized with the Illinois Secretary of State on October 14, 2025, and was publicly announced on LinkedIn on October 29, 2025. It has used the SALT CREEK ADVISORY name continuously in commerce since at least October 29, 2025, including on its website at saltcreekadvisory.com, its email domain, its LinkedIn presence, and its correspondence with business owners, buyers, and referral sources.

16. Salt Creek Advisory's name derives from Salt Creek, a waterway in the western suburbs of Chicago that runs through La Grange Park, Illinois, where its founders grew up. "Salt Creek" is a geographic term that identifies a well-known Chicago-area waterway.

17. Salt Creek Advisory markets itself as a Chicago-based firm. Its marketing is founder-led and centers on its founders' personal reputations and Chicago-area roots, including frequent LinkedIn content, educational articles and videos, direct outreach to business owners, referral relationships with Chicago-area CPAs, wealth advisors, attorneys, and brokers, and in-person networking at Chicago-area events. Salt Creek Advisory is a member of Midwest Business Brokers and Intermediaries.

18. Salt Creek Advisory consistently identifies itself by its full name, SALT CREEK ADVISORY, uses its own distinct domain and email addresses, and does not use, and has never used, the term PARTNERS or any logo, trade dress, or other indicia associated with SCP.

19. Upon information and belief, SCP is an investment-banking and advisory firm headquartered in Foothill Ranch, California. SCP's website advertises sell-side and buy-side M&A advisory, valuation services, strategy consulting, and build-to-exit advisory, and its executed agreements show that a meaningful part of its business consists of buyer-paid acquisition-sourcing engagements with private equity firms.

20. In the Demand Letter, SCP alleges that, "since its formation in 2019, [SCP] has advised privately held and middle-market companies, private-equity firms, and strategic buyers on sell-side and buy-side transactions, valuation, and related strategic matters." Ex. A at 1. Unlike Salt Creek Advisory, whose clients are business owners selling their companies, SCP's stated clientele thus includes private-equity firms and strategic buyers seeking acquisitions.

21. Upon information and belief, SCP markets itself principally through its corporate website, its profile on the Axial deal-sourcing platform, institutional private equity relationships, national conferences, and executive profiles in industry publications. Upon information and belief, SCP's publicly identified personnel are based in Texas and California, and SCP does not publish a Chicago office address.

22. SCP does not own a registration on the Principal Register of the United States Patent and Trademark Office for SALT CREEK PARTNERS or any SALT CREEK-formative mark. SCP therefore enjoys no statutory presumption of validity, ownership, or nationwide priority under 15 U.S.C. §§ 1057(b), 1057(c), or 1115.

23. Any rights SCP may have in SALT CREEK PARTNERS exist, if at all, only at common law, and only in those geographic areas where SCP can prove that its name has acquired market penetration and recognition among the relevant purchasers.

24. By letter dated October 2, 2026, SCP, through Jackson Walker LLP,, alleged that Salt Creek Advisory's use of its name constitutes "false designation of origin, trademark infringement, and unfair competition under federal and Illinois law," citing 15 U.S.C. § 1125(a), the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/2(a)(1)–(3), and Illinois common law. Ex. A at 2.

25. In the Demand Letter, SCP demanded that Salt Creek Advisory, confirm in writing no later than October 14, 2026 that Salt Creek Advisory will comply with the following demands, complete them no later than October 30, 2026: (1) "cease and desist from all use of 'Salt Creek Advisory,' 'Salt Creek,' and any designation confusingly similar to SCP's marks in connection with M&A advisory, investment-banking, or related services"; (2) [c]omplete a rebrand, including by removing and replacing the designations from all websites, domain names, LinkedIn and other

social-media accounts, marketing materials, directories, and other public or customer-facing materials, and canceling or transferring any confusingly similar domain names as SCP directs"; and (3) "[p]rovide written confirmation identifying the steps taken and confirming that the rebrand is complete[.]" The Demand Letter further states: "we are prepared to enforce SCP's trademark rights in federal court and to seek all relief to which our client may be entitled, including monetary damages, injunctive relief, court costs and attorneys' fees." Ex. A at 2.

26. The Demand Letter identifies no SCP office, employee, or advertising in Illinois. The only industry activity it cites is SCP's alleged participation in ACG's DealMax conference: "SCP has also participated consistently in ACG's DealMax conference since 2023, including by hosting a table on the conference floor." Ex. A at 1.

27. ACG DealMax is a national conference held in Las Vegas, Nevada. Participation in that event does not establish market penetration or recognition of SCP's name among Chicago-area purchasers of M&A advisory services.

28. Salt Creek Advisory has not acceded to SCP's demands and denies that its use of its name infringes any rights of SCP. SCP has not withdrawn its allegations.

29. The parties' names differ in sight, sound, and commercial impression. SCP's name is SALT CREEK PARTNERS; Salt Creek Advisory's name is SALT CREEK ADVISORY. The only shared element, SALT CREEK, is a geographic term entitled to narrow protection.

30. The relevant purchasers of Salt Creek Advisory's services are sophisticated. Business owners engaging an advisor to sell a company exercise a high degree of care, conduct due diligence, negotiate and execute written engagement agreements identifying the contracting party by its full legal name, and deal directly with identified individuals who will represent them.

31. The parties market their services through different channels. Salt Creek Advisory markets primarily through founder-led content, direct owner outreach, local referral relationships, and Chicago-area events, while SCP markets primarily through its corporate website, Axial, and national conferences.

32. Salt Creek Advisory adopted its name in good faith, to honor its founders' hometown, without knowledge of or intent to trade on any goodwill of SCP.

33. SCP's allegation of infringement, its demand that Salt Creek Advisory cease using its name, and its threat of legal action have created a substantial controversy between parties having adverse legal interests, of sufficient immediacy and reality to warrant declaratory relief.

34. Salt Creek Advisory has used, and continues to use, the SALT CREEK ADVISORY name in commerce. Absent a declaration of its rights, Salt Creek Advisory faces the choice of abandoning the name under which it has built its business and goodwill or continuing to operate under the threat of litigation and potential liability.

35. SCP's allegations are injuring Salt Creek Advisory by creating uncertainty regarding its name, impairing its ability to invest in its brand, and threatening its relationships with clients, buyers, and referral sources. A declaratory judgment will terminate this uncertainty and resolve the controversy.

## COUNT I

## Declaratory Judgment of No Trademark Infringement, Unfair Competition, or False Designation of Origin Under 15 U.S.C. § 1125(a)

36. Salt Creek Advisory repeats and realleges paragraphs 1 through 35 as if fully set forth herein.

37. An actual, substantial, and justiciable controversy exists between Salt Creek Advisory and SCP regarding whether Salt Creek Advisory's use of the SALT CREEK ADVISORY name and mark infringes SCP's claimed rights or constitutes unfair competition or false designation of origin under 15 U.S.C. § 1125(a).

38. SCP's claimed SALT CREEK PARTNERS mark is unregistered and, at most, geographically descriptive, and SCP cannot establish that it has acquired secondary meaning or that SCP holds protectable, senior rights in the geographic market in which Salt Creek Advisory operates.

39. Salt Creek Advisory's use of the SALT CREEK ADVISORY name is not likely to cause confusion, mistake, or deception as to the source, sponsorship, affiliation, or approval of Salt Creek Advisory's services, considering, among other factors, the differences between the marks, the weakness of the shared geographic term, the sophistication and care of the relevant purchasers, the differences in the parties' marketing channels, and Salt Creek Advisory's good-faith adoption of its name.

40. Salt Creek Advisory is entitled to a declaration under 28 U.S.C. § 2201 that its use of the SALT CREEK ADVISORY name and mark does not infringe any valid trademark rights of SCP and does not constitute unfair competition or false designation of origin under 15 U.S.C. § 1125(a).

**COUNT II**

**Declaratory Judgment of No Violation of the Illinois Uniform Deceptive Trade Practices Act or Illinois Common Law**

41. Salt Creek Advisory repeats and realleges paragraphs 1 through 40 as if fully set forth herein.

42. An actual, substantial, and justiciable controversy exists between the parties regarding whether Salt Creek Advisory's use of its name violates any rights of SCP under the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1 et seq., or Illinois common law of trademark infringement and unfair competition.

43. Claims for trademark infringement and unfair competition under the Illinois Uniform Deceptive Trade Practices Act and Illinois common law are governed by the same likelihood-of-confusion analysis that applies under the Lanham Act. For the reasons alleged above, Salt Creek Advisory's use of its name is not likely to cause confusion and does not violate those laws.

44. Salt Creek Advisory is entitled to a declaration that its use of the SALT CREEK ADVISORY name and mark does not violate the Illinois Uniform Deceptive Trade Practices Act or constitute trademark infringement or unfair competition under Illinois common law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Salt Creek Advisory LLC respectfully requests that the Court enter judgment in its favor and against Defendant Salt Creek Partners LLC as follows:

A. A declaration that Salt Creek Advisory's use of the SALT CREEK ADVISORY name and mark does not infringe any valid trademark rights of SCP and does not constitute unfair competition or false designation of origin under 15 U.S.C. § 1125(a);

B. A declaration that Salt Creek Advisory's use of the SALT CREEK ADVISORY name and mark does not violate the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1 et seq., or constitute trademark infringement or unfair competition under the common law of any state;

C. A declaration that Salt Creek Advisory may continue to use the SALT CREEK ADVISORY name and mark in connection with its M&A advisory services free from interference by SCP and its officers, agents, employees, attorneys, and all persons in active concert or participation with them;

D. An award of Salt Creek Advisory's reasonable attorneys' fees and costs under 15 U.S.C. § 1117(a); and

E. Such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Pursuant to Fed. R. Civ. P. 38(b), Salt Creek Advisory demands a trial by jury on all issues so triable.

Dated: October 27, 2026

Respectfully submitted,

SALT CREEK ADVISORY LLC

By: */s/ Anna M. Targowska*

Anna M. Targowska (#6307151)
REED SMITH LLP
10 South Wacker Drive
Chicago, IL 60606-7507
(312) 207-1000
atargowska@reedsmith.com
*Counsel for Plaintiff*
Salt Creek Advisory LLC